UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESTATE OF RHOGENA ANN NICHOLAS §<br>and §<br>ESTATE OF DENNIS TUTTLE, §<br>§    CIVIL ACTION NO. 4:20-CV-4287<br>Deceased, §<br>§ | |

## MEMORANDUM AND ORDER FOR REMAND

**I.**

Before the Court is the petitioners', John Nicholas, Temporary Administrator of the Estate of Rhogena Nicholas and Jo Ann Nicholas, mother of decedent Rhogena Nicholas, motion to remand this matter to Harris County Probate Court Number One, from which it was removed [DE 3]. Also, before the Court is the City of Houston's ["City"] response [DE 11]; and the intervention of Clifford F. Tuttle, Independent Administrator of the Estate of Dennis Tuttle and Robert Tuttle, Dennis Tuttle's father and Ryan Tuttle, Dennis Tuttle's son [DE 9]. The Court conducted a telephone conference concerning the petitioners' and intervenors' motion and, after a careful review of the documents on file, determines that the motion to remand should be granted.

**II.**

As its bases for the removal, the City asserts that the United States District Courts has original jurisdiction of the factual claims made in the pre-suit discovery petition brought pursuant to Tex. R. Civ. P. 202. Because "the alleged violations of constitutional rights presented in the state court action" – under 42 U.S.C. §§ 1983 and 1988 – are claims over which

federal courts have original jurisdiction the City is entitled to remove the proceeding pursuant to 28 U.S.C. § 1331.

In the alternative, the City asserts that because the anticipated claim(s) in a suit are federal in nature, Federal Rules of Civil Procedure, apply, particularly Rule 27(a), which dictates removal. In addition, the City points to Title 28 U.S.C. § 1442, as authorizing removal because the subject matter of the discovery is associated with "act(s) under color of federal office", citing to *Latiolais v. Huntington Ingalls, Inc.,* 951 F.3d 286, 296 (5th Cir. 2020).

As a final argument for removal, the City points to a protective order entered in in this Court, civil action, [4:15-CV-3495; *Estate of Jordan Baker, et. al v. City of Houston, et. al* (SDTx)], on May 12, 2016. The import of the order limited accessibility to certain Houston Police Department files associated with a federal suit filed by the Baker Estate against the City.

### III.

This notice of removal arose in the context of the probate of the Estate of Rhogena Nicholas and Dennis Tuttle, both deceased. The two were shot and killed by Houston Police officers at their residence on Harding Street in Houston, Texas on January 28, 2019. On July 25, 2019, the Nicholas family initiated a pre-suit, Rule 202 proceeding, against the City seeking discovery. The Tuttle family joined in the Nicholas' family motion. *See* [Tex. R. Civ. Pro., Rule 202].

At the outset, the City objected to the probate court's jurisdiction over the Rule 202 proceeding and appealed the adverse ruling. The Fourteenth Court of Appeals affirmed the probate court's order in early 2020, and the Texas Supreme Court denied the City's request for review shortly thereafter. On November 8, 2020, the petitioners served a subpoena on the City seeking documents and testimony that they had previously sought. After the probate court

overruled the City's motion for protection and on December 14, 2020, the City filed its notice of removal on December 17.

### IV.

The Court is of the opinion and Holds that the proceeding be remanded to Harris County Probate Court Number One, [CA. No. 474728-401], from which it was removed, pursuant to 28 U.S.C. § 1446(c).

### -A-

The City's first basis for removal, that the petitioners' federal assertions constitute alleged violations of federal Constitutional law and, therefore, the proceeding was removable, fails. In its response to the petitioners' motion for remand, the City acknowledges that the majority of [federal district courts] that have entertained this very issue have held that Texas Rule 202 proceedings are not removable. While acknowledging that the "majority" of case law on a Rule 202 proceeding disfavors removal, the City has failed to point to a single case that favors removal. The City's reliance on the protective order entered in *Baker v. The City of Houston*, as authority is misplaced. The *Baker* case originated in federal court. More importantly, the probate court has jurisdiction over various aspects of the petitioners' case as determined by the Texas Supreme Court. *See* [Nicholas Estate, Cause No. 474728-401, *see also* 14th Court of Appeals, No. 14-19-0716-CV]].

### - B -

The City's reliance on *Latiolas* ignore a significant element of proof that it cannot establish. *Latiolas* holds, among other things, that in order to remove a discovery proceeding to federal court pursuant to 28 U.S.C. §1442, it must be shown that the charged conduct is associated with an act that occurred pursuant to or at the direction of a federal official. *Id.* at

296. The facts presented in the pre-suit proceeding establish that the "actors" in the underlying facts were state actors and did not commit any act pursuant to a federal official's directive. Therefore, § 1442 does not aid the City's claim.

- C -

The Court is of the opinion that, even if removal were possible, the City's notice was untimely. The City had notice in July 2019, that potential federal Constitutional claims were part of the petitioners' pre-suit discovery requests. However, instead of removing the proceeding at that time, the City challenged the jurisdiction of the probate court and litigated its claim to the Texas Supreme Court. More than 16 months expired before the City sought to remove the case. Title 28 U.S.C. § 1446(c) makes it clear that the City had 30 days to remove the proceeding – failing, any right that it might have had under the federal statute was waived.

Finally, the City cannot appoint itself a "federal actor" simply because federal claims "may" be raised in a future lawsuit. The Houston police officers were not acting as federal agents on January 28, 2019.

It is, therefore, ORDERED that this Court has no jurisdiction over the state Rule 202 proceeding currently pending in probate court number one, and the matter is REMANDED to that court, INSTANTA.

It is so ORDERED.

SIGNED on this 7th day of January, 2021.

Kenneth M. Hoyt
United States District Judge